```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
UNI-RTY CORP., ET AL.,

                            Plaintiff(s),

       - against -                            95 Civ. 9432 (JES)

                                              MEMORANDUM OPINION
                                                   AND ORDER
GUANGDONG BUILDING, INC., ET AL.,

                            Defendant(s).
----------------------------------------x
```
**SPRIZZO, D. J.:**

The above-captioned action arises out of the ownership of the Golden Pacific Building, located in the heart of New York City's Chinatown. Plaintiffs, Uni-Rty Corp. ("Uni-Rty") and Golden Plaza Limited Partnership ("GPLP"), brought this action, pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, and various state laws. Defendants, Guangdong Building, Inc. ("GBI"), New York Guangdong Finance, Inc. ("NYGF"), The Hong Kong and Shanghai Banking Corp., Ltd. ("HSBC"), Eastbank, N.A., Joseph Chu, and Alexander Chu (collectively "defendants"), counterclaimed for payment on two notes and a lease. Following a January 2004 jury verdict for plaintiffs on the RICO claim, the Court, by Summary Order dated December 22, 2004, set aside the verdict, ordered a new trial, and denied defendants' Motion for Judgment as a Matter of Law. In April 2005, defendants moved for summary judgment. This Court granted defendants' Motion with respect to plaintiffs' RICO claims for failure to establish proximate cause and denied the Motion with respect to plaintiffs' remaining claims in a Memorandum Opinion & Order dated November 30, 2006 ("2006 Opinion"). Plaintiffs filed the instant Motion for Final Judgment Pursuant to Fed. R. Civ. P. 54(b) seeking an order of final judgment with respect to the issues resolved in the Court's

2006 Opinion. For the reasons stated below, the Court hereby denies plaintiffs' Motion.

**BACKGROUND**

The dispute between the parties in this action centers around the ownership of the Golden Pacific Building (the "building") and involves a complicated series of mortgages, loans, transfers, and a sale and leaseback with a repurchase option. The Court assumes familiarity with its 2006 Opinion which outlines these transactions in detail.

Plaintiffs' Complaint includes four RICO claims and five state law claims including breach of fiduciary duty, tortious interference with contractual and business relations, fraud, unjust enrichment, and breach of contract. See Affirmation of Paul Batista in Supp. of Mot. for Final J. Pursuant to Fed. R. Civ. P. 54(b) ("Batista Aff."), Ex. 2, Compl. ¶¶ 110-159. With respect to the RICO claims, defendants allege a scheme to defraud plaintiffs and to deprive them of their rights and damage them in their property, "patterns of racketeering and collections of unlawful debt," mail fraud, wire fraud, extortion, bribery, and money laundering in connection with these loan transactions. See id. ¶¶ 109, 111, 121, 124. The state law claims involve these very same transactions and include allegations of, inter alia, self-dealing and deception, interference with "actual and prospective advantageous business or contractual relationships," false representations of material fact made to induce plaintiffs to enter into the transactions, and breach of the contracts involved in these transactions. See id. ¶¶ 136, 143, 146, 158.

The Court held a trial on the issue of causation with respect to the RICO claims in January 2004. The jury returned a verdict in favor of plaintiffs. The Court vacated this verdict in a December 22, 2004 Summary Order finding that defendants had

presented at trial "voluminous evidence" that plaintiffs did not have the financial resources to keep the building. The Court then granted defendants' Motion for Summary Judgment with respect to the RICO claims. Finally, the Court ordered a new trial based on certain state law claims of "lease interference" made by plaintiffs at trial.

**DISCUSSION**

Fed. R. Civ. P. 54(b) provides, in relevant part:

> When an action presents more than one claim for relief . . . the Court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the Court expressly determines that there is no just reason for delay.

See Fed. R. Civ. P. 54(b). Thus, certification is permitted where (1) there are multiple claims, (2) at least one of the claims has been finally determined, and (3) there is an express determination that there is no just reason for delay. See Transp. Workers Union of Am., Local 100 v. N.Y. City Transit Auth., 505 F.3d 226, 230 (2d Cir. 2007) (citation omitted). Although the application of this rule is within the sound discretion of the district court, see Reiter v. Cooper, 507 U.S. 258, 265 (1993), certification should be granted sparingly out of respect for the historic federal policy against piecemeal appeals, see id.; Hogan v. Conrail, 961 F.2d 1021, 1025 (2d Cir. 1992) (citations omitted). The court is to exercise its judgment in the interest of sound judicial administration. See Sears, Roebuck & Co. v. Mackey, et al., 351 U.S. 427, 437 (1956).

The Court's 2006 Opinion satisfies the second requirement of Rule 54(b) as it dismisses the four RICO claims. The Court, however, cannot determine that the remaining requirements have been met, and therefore, finds that certification is neither permitted nor warranted in this case.

The first requirement–that there are multiple claims–has been technically satisfied here, as the Complaint presents multiple claims. However, this has routinely been construed as requiring multiple *separate* claims. See In re Bayou Hedge Fund Litig., 2007 U.S. Dist. LEXIS 60777, at *10 (S.D.N.Y. Aug. 16, 2007). This construction reflects the guidance that "inherently inseparable" claims are inappropriate for certification, see Sears, 351 U.S. at 436, and that certification should not be granted "if the same or closely related issues remain to be litigated," see Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 629 (2d Cir. 1991). The remaining state law claims in this case all revolve around the very transactions (the loans, mortgages, and sale and leaseback transaction) central to the RICO claims. Additionally, defendants' unadjudicated counterclaims arise from the sale and leaseback transaction. See Aff. of John C. Ohman in Opp'n to Pls.' Mot. for Final J. Pursuant to Fed. R. Civ. P. 54(b), Ex. A, Answer, ¶¶ 194-219.

The final element of Rule 54(b)–that there is no just reason for delay–requires an express determination that the interests of sound judicial administration or efficiency would be served or a demonstration by the party seeking certification that immediate appeal would alleviate some degree of hardship. See Ansam Associates, Inc. v. Cola Petroleum, Ltd., 760 F.2d 442, 445 (2d Cir. 1985). As discussed above, certification is not in the interest of sound judicial administration or efficiency, as the remaining state law claims are not factually distinct from the dismissed RICO claims. A complex set of financial transactions forms the basis of plaintiffs' entire Complaint. To require two and perhaps three panels of appellate judges to familiarize themselves with this complicated factual history when this Court is already intimately familiar with the case and could more easily revisit its holding after final adjudication if necessary

would most certainly not serve the interests of judicial efficiency. See Harriscom Svenska, 947 F.2d at 631. Additionally, plaintiffs fail to make any showing of hardship that would necessitate an immediate appeal. Therefore, this Court exercises its discretion to deny entry of final judgment as to plaintiffs' RICO claims.

**CONCLUSION**

For the reasons stated above, plaintiffs' Motion for Final Judgment Pursuant to Fed. R. Civ. P. 54(b) shall be and hereby is denied. A Pre-Trial Conference shall occur on May 27, 2008 at 3:00 p.m in Courtroom 14C, 500 Pearl Street.

**It is SO ORDERED.**

DATED: New York, New York
April 16, 2008

John E. Sprizzo
United States District Judge

**APPEARANCES**

PAUL A. BATISTA, ESQ.
Attorney for Plaintiffs Uni-Rty Corp.
and Golden Plaza Limited Partnership
26 Broadway
Suite 1900
New York, NY 10004

    Of Counsel

GREENBERG TRAURIG, LLP
Attorneys for Plaintiffs Uni-Rty Corp.
and Golden Plaza Limited Partnership
450 South Orange Avenue
Suite 650
Orlando, FL 32801

THELEN REID BROWN RAYSMAN & STEINER LLP
Attorneys for Defendants Guangdong
Building, Inc., New York Guangdong
Finance, Inc., Eastbank, N.A.,
Alexander Chu, and the Estate of Joseph Chu
875 Third Avenue
New York, NY 10022

    JOHN C. OHMAN, ESQ.
    SHERYL H. ALTWERGER, ESQ.

    Of Counsel